**GREENBERG TRAURIG, LLP**
Theodore J. McEvoy, Esq. (TM 8180)
mcevoyt@gtlaw.com
200 Park Avenue
P.O. Box 677
Florham Park, NJ 07932
(973) 360-7900

and

**GREENBERG TRAURIG, P.A.**
Dawn Giebler-Millner (Admitted *Pro Hac Vice*)
gieblerd@gtlaw.com
Ronald M. Schirtzer (Admitted *Pro Hac Vice*)
schirtzerr@gtlaw.com
450 South Orange Avenue – 650
Orlando, FL 32801
(407) 254-2617

*Attorneys for Plaintiff
Sealed Unit Parts Co., Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SEALED UNIT PARTS CO., INC., | Docket No. 15-cv-01268-PGS-LHG |
| Plaintiff, | CIVIL ACTION |
| v. | |
| SYCOM SURGE, INC., MARK TUCKER, DAVID ROSS BRENNAN, and TURNER SOLUTIONS, INC. | AMENDED COMPLAINT |
| Defendants. | |

Plaintiff, Sealed Unit Parts Co., Inc., by way of this Amended Complaint against Defendants, Sycom Surge, Inc., Mark Tucker, David Ross Brennan, Turner Solutions, Inc. respectfully states:

## GENERAL ALLEGATIONS

### Venue and Jurisdiction

1. Jurisdiction lies with this court pursuant to 28 U.S.C. §1332, as there is complete diversity of citizenship between Plaintiff and each of the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. Venue properly lies with this court, as a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in New Jersey, and each of the Defendants is subject to personal jurisdiction in New Jersey, either as the result of directly doing business in the State of New Jersey, or, for the individual Defendants, acting as the alter ego of a corporation doing business in the State of New Jersey.

### Parties

3. Plaintiff Sealed Unit Parts Co., Inc. *("Supco")*, a corporation organized under the laws of the State of New York with a principal place of business at 2230 Landmark Place, Allenwood, New Jersey, is engaged in the business of distributing products designed for the heating, ventilating, air conditioning, refrigeration and appliance parts *("HVAC")* industries.

4. Defendant Sycom Surge, Inc., now known as Bren Tuck, Inc. *("Sycom")* is a corporation formed under the laws of the State of Florida that engaged in business in the State of New Jersey at all times material hereto.

5. Defendant Mark Tucker *("Tucker")* is a resident of the State of Florida, and at all times material hereto, the President, Director, and one of the two sole shareholders of Sycom.

6. Defendant David Ross Brennan *("Brennan")* is a resident of the State of Florida, and at all times material hereto, the Vice President, Director, and, along with Tucker, one of the two sole shareholders of Sycom.

7. Turner Solutions, Inc. *("TSI")* is a corporation formed under the laws of the State of Florida that currently engages in business in the State of New Jersey.

## SPECIFIC ALLEGATIONS

### The Underlying Claims

8. Between 2010 and 2014, Sycom manufactured surge protectors which were distributed by Supco to customers in New Jersey and throughout the United States, who then sold the surge protectors to retail customers.

9. Sycom was solely responsible for the design and manufacturing of all of its surge protectors that were distributed by Supco, and Supco did not alter the condition of any surge protectors delivered to it by Sycom before selling and/or transferring the surge protectors to Supco's customers.

10. Typically, the surge protectors were installed in connection with a home's HVAC system in order to reduce or eliminate the risk of damage to the appliance in the event of an electrical surge. Sycom was well aware that Supco was an HVAC supply company, and knew and approved its surge protectors for said use.

11. Beginning in or around 2012, Supco began to receive complaints from customers throughout the United States that the surge protectors manufactured by Sycom and distributed by Supco were the origin of fires at the homes where the surge protectors were installed.

12. In addition, Supco and its customers began to be named in insurance claims and as defendants in legal actions filed in courts throughout the United States seeking to recover monetary damages as a result of the fires allegedly arising out of the installed surge protectors.

### Sycom Agrees to Defend and Indemnify Supco

13. On February 26, 2013, Brennan, the Director of Sycom, wrote to Anthony Mancuso of Supco and memorialized the terms of Sycom's agreement to defend and indemnify Supco in connection with claims arising from allegedly defective surge protectors (the "*Agreement*"). A copy of the Agreement is attached hereto as **Exhibit "A."**

14. The Agreement provides that "[Sycom] will defend, indemnify, and hold [Supco], its employees and officers harmless from and against all product liability claims, costs and judgments arising from allegedly defective surge protectors sold by Sycom."

15. The Agreement requires Supco "to give Sycom written notice of any claims within 48 hours of being notified of them, to send the damaged unit back to Sycom in a timely fashion, to tender the defense of such claims to Sycom, and Sycom agrees to accept such tenders, and to grant Sycom the right to control resolution and settlement of such claims."

16. The Agreement further provides that "Sycom agrees that Supco shall not be responsible for, nor shall it pay, any costs of liability, settlement and defense, including attorneys' fees."

17. The Agreement further provides that "Sycom agrees to procure and maintain a minimum amount of one million dollars per occurrence and two million dollars aggregate product liability insurance for the type of claims for which Sycom has agreed to indemnify Supco, and to supply Supco with a Certificate of Insurance that names Supco as an additional insured, and which also provides that such insurance shall not be cancelled." While the Agreement requires Sycom to procure and maintain insurance, it does not limit Sycom's responsibility to defend and indemnify Supco to only those claims for which there is available coverage.

18. Finally, the Agreement provides that its terms "shall apply retroactively and prospectively to all surge protectors sold to Supco by Sycom."

### Sycom Fails and Refuses to Comply with Its Obligations Under the Defense and Indemnification Agreement

19. Despite the clear and unambiguous terms of the Agreement, Sycom has failed and refused to defend, indemnify and hold Supco harmless from and against all product liability claims, costs and judgments arising from allegedly defective surge protectors sold by Sycom, and since July 2014, has failed and refused to maintain any insurance coverage, much less the minimum amounts of products liability insurance required under the Agreement.

20. Supco has fully complied with its obligations under the Agreement by timely notifying Sycom of each and every claim it receives relating to damages caused by allegedly defective surge protectors sold by Sycom to Supco.

21. Sycom has nonetheless ignored, and continues to ignore, the claims presented by Supco, and has failed and refused to accept a tender of the defense of such claims, as Sycom has failed and refused to respond to telephone calls or letters demanding that Sycom comply with its obligations under the Agreement.

22. As a result of Sycom's failure and refusal to comply with its obligations under the Agreement, Supco has been forced to defend against the claims arising from allegedly defective surge protectors sold by Sycom, including the payment of attorneys' fees and costs as well as the costs of experts to investigate and possibly opine regarding the allegedly defective condition of the surge protectors, and has been forced to pay amounts to resolve such claims.

23. In addition, the employees of Supco have been forced to devote significant resources towards defending such claims and maintaining relationships with customers affected by the claims rather than towards the ordinary business operations of Supco.

24. As a result of Sycom's failure and refusal to defend Supco as required under the Agreement, Supco has suffered, and continues to suffer, the loss of existing and potential business relationships, as Supco's reputation in the industry has been harmed as a result of Sycom's failure and refusal to defend Supco against the subject claims.

**Tucker, Brennan and TSI Engage in Fraudulent Transfers and Assignments in a Concerted Effort to Defraud Sycom's Creditors, Including Supco, and Avoid Responsibility Under the Agreement**

25. In or around September 2014, Tucker and Brennan, as officers, directors, and the sole shareholders of Sycom, entered into a series of fraudulent transfers and assignments in a concerted effort to defraud Sycom's creditors, including Supco, and avoid Sycom's responsibilities under the Agreement. These efforts included:

    A.    The establishment of TSI by Sycom's operations manager, Justin Turner;

    B.    The registration by TSI of the fictitious name "Sycom Surge Solutions" with the Florida Secretary of State, with the knowledge and consent of Sycom, Tucker, and Brennan;

    C.    The transfer of all of Sycom's assets to TSI for a purported purchase price of $3,600,000, with little or no initial payment being made to Sycom, and future installment payments of $30,000 per month being made by TSI directly to Tucker and Brennan rather than to Sycom;

    D.    Retention by Tucker and Brennan of the right to limit and control any future sale, transfer, or disposition by TSI of the assets purportedly sold by Sycom to TSI;

    E.    The change of the corporate name of Sycom from "Sycom Surge, Inc." to "Bren Tuck, Inc." on September 29, 2014 in a filing submitted by Justin Turner on behalf of TSI;

    F.    The continued use of the trade name "Sycom" by TSI, which operates out of the same location, with essentially the same personnel utilized by Sycom prior to the

purported transfer of assets from Sycom to TSI, and which sells the same products previously manufactured by Sycom to most of Sycom's prior customers other than Supco;

G. The concealment, and failure to disclose the transfer of Sycom's assets to Supco or Sycom's other creditors, including, but not limited to, ignoring all requests for indemnification and other inquiries sent by Supco to Sycom or to Justin Turner on or after September 1, 2014; and

H. The failure of Sycom, Tucker, or Brennan to escrow or put aside any of the funds received from TSI for the alleged purchase of all of the assets of Sycom to cover Sycom's currently existing or threatened liabilities, including, but not limited to, the indemnity demands of Supco.

26. At the time Tucker, Brennan, and TSI engaged in the aforementioned fraudulent transfers and assignments, Supco had already filed the original complaint in this action, and Sycom was aware of Supco's demands for indemnification contained therein, as well as several prior demands for indemnification for customer claims that had been made by Supco to Sycom.

27. Tucker and Brennan dominated and controlled Sycom to such an extent that Sycom's independent existence was in fact non-existent, as evidenced by their assignment and transfer of all of the assets of Sycom for payments to be made to them individually, along with other acts of domination and control. Tucker and Brennan were therefore the alter egos of Sycom.

28. TSI, by virtue of its purported acquisition of the assets of Sycom with the intent to defraud Sycom's creditors, including Supco, as well as its continuation of the prior operations of Sycom with virtually no changes other than purported ownership of the company, TSI is a mere

continuation of Sycom, and is liable for Supco for Sycom's indemnity obligations arising both under the Agreement and under common law.

29. Supco had been damaged by the aforementioned fraudulent transfers and assignments, as Sycom is now insolvent, and does not have sufficient funds to cover its obligations, including its indemnity obligations owed to Supco. Additionally, as alleged above, not only has Sycom been rendered completely insolvent by said fraudulent transfers, Sycom has not maintained any insurance coverage which could be available to cover any claims related to the surge protectors that it supplied to Supco.

30. All conditions precedent to the commencement of this action have been performed by Supco, or have otherwise occurred.

## FIRST COUNT

### (Breach of Contract)

31. Supco repeats and realleges the allegations set forth in the General Allegations and Specific Allegations of this Amended Complaint (paragraphs 1 through 30 above), as if set forth more fully at length herein.

32. This is an action for damages in excess of $75,000, declaratory and injunctive relief for breach of the Agreement against Sycom, which is a direct party to the Agreement, against Tucker and Brennan, which acted as the alter ego of Sycom, and against TSI, which is the mere continuation of Sycom, and which acquired the assets of Sycom with the intent to defraud Supco and other creditors of Sycom.

33. Defendants have failed to comply with the terms of Agreement by failing and refusing to defend, indemnify, and hold Supco and its employees harmless from and against all

product liability claims, costs and judgments, including attorneys' fees and costs, arising from allegedly defective surge protectors sold by Sycom to Supco.

34. As a result of Defendants' material breach of the Agreement, Supco has and continues to be damaged in the amounts incurred in defending such claims, the opportunity costs associated with devoting resources toward defending such claims, and lost profits resulting from the harm to Supco's reputation.

**WHEREFORE,** Supco demands judgment against the Defendants, jointly and severally:

A. Declaring that Defendants must accept tender of a defense of Supco with regard to any and all claims arising from allegedly defective surge protectors sold by Sycom to Supco;

B. Declaring that Defendants must fully reimburse Supco for any and all costs incurred by Supco in defending any and all claims arising from allegedly defective surge protectors sold by Sycom to Supco, including but not limited to attorneys' fees and costs;

C. Declaring that Defendants must indemnify and hold Supco harmless with regard to any and all judgments or settlements in connection with any and all claims arising from allegedly defective surge protectors sold by Sycom to Supco;

D. Declaring that Defendants must fully reimburse Supco for any and all payments made in settlement or satisfaction of any judgments entered in connection with any and all claims arising from allegedly defective surge protectors sold by Sycom to Supco;

E. Declaring that Defendants must procure and maintain a minimum amount of one million dollars per occurrence and two million dollars aggregate products liability insurance for product liability claims arising from allegedly defective surge protectors sold by Sycom, and must supply Supco with a Certificate of Insurance that names Supco as an additional insured and which provides that such insurance shall not be cancelled;

F. For compensatory and consequential damages;

G. For reasonable legal fees and costs; and,

H. For all other relief the Court deems just and equitable.

## SECOND COUNT

### (Breach of Duty of Good Faith and Fair Dealing)

35. Supco repeats and realleges the allegations set forth in the General Allegations and Specific Allegations of the Complaint (paragraphs 1 through 30 above), as if set forth more fully at length herein.

36. This is an action for damages in excess of $75,000, declaratory and injunctive relief for breach of the duty of good faith and fair dealing against Sycom, against Tucker and Brennan, which acted as the alter ego of Sycom, and against TSI, which is the mere continuation of Sycom, and which acquired the assets of Sycom with the intent to defraud Supco and other creditors of Sycom.

37. At all times upon entering into the Agreement, Defendants had an affirmative obligation and implied duty of good faith and fair dealing to Supco for Sycom to perform their contractual duties in good faith to the ultimate benefit of Supco.

38. Defendants have failed to perform its duties and obligations under the Agreement in good faith, and has breached their implied duty of good faith and fair dealing.

39. As a result of Defendants' breach of its implied duty of good faith and fair dealing, Supco has incurred damages and stands to incur future damages.

**WHEREFORE,** Supco demands judgment against Defendants, jointly and severally:

A. Declaring that Defendants must accept tender of a defense of Supco with regard to any and all claims arising from allegedly defective surge protectors sold by Sycom to Supco;

B. Declaring that Defendants must fully reimburse Supco for any and all costs incurred by Supco in defending any and all claims arising from allegedly defective surge protectors sold by Sycom to Supco, including but not limited to attorneys' fees and costs;

C. Declaring that Defendants must indemnify and hold Supco harmless with regard to any and all judgments or settlements in connection with any and all claims arising from allegedly defective surge protectors sold by Sycom to Supco;

D. Declaring that Defendants must fully reimburse Supco for any and all payments made in settlement or satisfaction of any judgments entered in connection with any and all claims arising from allegedly defective surge protectors sold by Sycom to Supco;

E. Declaring that Defendants must procure and maintain a minimum amount of one million dollars per occurrence and two million dollars aggregate products liability insurance for product liability claims arising from allegedly defective surge protectors sold by Sycom, and must supply Supco with a Certificate of Insurance that names Supco as an additional insured and which provides that such insurance shall not be cancelled;

F. For compensatory and consequential damages;

G. For reasonable legal fees and costs; and,

H. For all other relief the Court deems just and equitable.

## THIRD COUNT

### (Violation of Florida Uniform Transfer Act)

40. Supco repeats and realleges the allegations set forth in the General Allegations and Specific Allegations of the Complaint (paragraphs 1 through 30 above), as if set forth more fully at length herein.

41. This is an action for damages in excess of $75,000, declaratory and injunctive relief against Sycom, Tucker, Brennan, and TSI under the Florida Uniform Fraudulent Transfer Act, §726.101, *et seq.*, Fla. Stat.

42. Sycom, Tucker and Brennan are subject to the Florida Uniform Transfer Act since they are all citizens of the State of Florida and the fraudulent transfer described herein occurred in the State of Florida.

43. In violation of the Florida Uniform Transfer Act, Sycom, Tucker, and Brennan, transferred all of the assets of Sycom to TSI with the actual intent to hinder, delay, and/or defraud Supco and the other creditors of Sycom.

44. Sycom, Tucker, and Brennan transferred all of the asset of Sycom to TSI without receiving reasonable equivalent value in exchange for the transfer, leaving Sycom with unreasonably small remaining assets in relation to the existing and on-going obligations owed to Supco and Sycom's other creditors, and insolvent.

45. Supco has been damaged by the fraudulent transfer of Sycom's assets to TSI by Sycom, Tucker, and Brennan in violation of the Florida Uniform Fraudulent Transfer Act, as Sycom has insufficient assets remaining to cover its indemnity obligations owed to Sycom.

**WHEREFORE,** Supco demands judgment against the Defendants, jointly and severally:

A. Avoiding the transfer of the assets of Sycom to TSI to the extent necessary to satisfy Sycom's indemnity obligations to Supco;

B. Attaching the assets of Sycom transferred to TSI, and any payments made by TSI to Tucker and/or Brennan, to the extent necessary to satisfy Sycom's indemnity obligations to Supco;

C. Enjoining any further payments to Tucker and/or Brennan by TSI in conjunction with the purported asset purchase agreement, and requiring the Defendants to deposit all future installment in the registry of this Court for satisfaction of any and all indemnity and other obligations owed by Sycom to Supco under the Agreement or at common law; and

D. For all other relief the Court deems just and equitable.

Dated: August 10, 2015

                s/ Dawn I. Giebler-Millner
                **Dawn I. Giebler-Millner, Esquire**
                (Admitted *Pro Hac Vice*)
                **Ronald M. Schirtzer, Esquire**
                (Admitted *Pro Hac Vice*)
                **GREENBERG TRAURIG, P.A.**
                450 South Orange Avenue, Suite 650
                Orlando, Florida 32801
                Telephone: (407) 420-1000
                Facsimile: (407) 841-1295
                Email: gieblerd@gtlaw.com
                Email: schirtzerr@gtlaw.com

                and

                **Theodore J. McEvoy, Esquire** (TM 8180)
                **GREENBERG TRAURIG, LLP**
                200 Park Avenue
                P.O. Box 677
                Florham Park, NJ 07932
                (973) 360-7900
                Email: mcevoyt@gtlaw.com

                *Attorneys for Plaintiff*
                *Sealed Unit Parts Co., Inc.*

# EXHIBIT A

 *Surge, Inc.*

12929 44th St N, Clearwater, FL 33762 Tel: (727) 561-7697 (800) 622-9904 Fax: (727) 556-0182

Anthony Mancuso
Sealed Unit Parts Co., Inc.
2230 Landmark Place
Allenwood, NJ 08720

February 26, 2013

Dear Mr. Mancuso,

Sycom Surge, Inc. ("Sycom") will defend, indemnify, and hold Sealed Unit Parts Co., Inc. ("Supco"), its employees and officers harmless from and against all product liability claims, costs and judgments arising from allegedly defective surge protectors sold by Sycom.

Supco agrees to give Sycom written notice of any claims within 48 hours of being notified of them, to send the damaged unit back to Sycom in a timely fashion, to tender the defense of such claims to Sycom, and Sycom agrees to accept such tenders, and to grant Sycom the right to control resolution and settlement of such claims. Sycom agrees that Supco shall not be responsible for, nor shall it pay, any costs of liability, settlement and defense, including attorneys' fees.

Sycom agrees to procure and maintain a minimum amount of one million dollars per occurrence and two million dollars aggregate product liability insurance for the type of claims for which Sycom has agreed to indemnify Supco, and to supply Supco with a Certificate of Insurance that names Supco as an additional insured and which also provides that such insurance shall not be cancelled.

The terms of this letter shall apply retroactively and prospectively to all surge protectors sold to Supco by Sycom.

Sincerely:

Sycom Surge, Inc.

By: _____

Ross Brennan, Director