**GREENBERG TRAURIG, LLP**
Theodore J. McEvoy, Esq. (TM 8180)
mcevoyt@gtlaw.com
500 Campus Drive, Suite 400
Florham Park, NJ 07932
(973) 360-7900

and

**GREENBERG TRAURIG, P.A.**
Dawn Giebler-Millner (Admitted *Pro Hac Vice*)
gieblerd@gtlaw.com
450 South Orange Avenue – 650
Orlando, FL 32801
(407) 254-2617

*Attorneys for Plaintiff*
*Sealed Unit Parts Co., Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SEALED UNIT PARTS CO., INC., | Docket No. 15-cv-01268-~~MAS~~-LHG |
| Plaintiff, | CIVIL ACTION |
| v. | ~~[PROPOSED]~~ |
| SYCOM SURGE, INC., MARK TUCKER, DAVID ROSS BRENNAN, and TURNER SOLUTIONS, INC., | **FINAL JUDGMENT** |
| Defendants. | |

  THIS MATTER having been opened to the Court upon the motion of Plaintiff Sealed Unit Parts Co., Inc. ("SUPCO"), by and through its attorneys Greenberg Traurig, LLP, for Summary Judgment against Defendants Sycom Surge, Inc. n/k/a Bren Tuck Inc., Mark Tucker, David Ross Brennan, and Turner Solutions, Inc., and the Court having considered the moving papers, and the motion being unopposed, and for good cause shown, does hereby find the following:

1

1. Florida law governs the claims raised in SUPCO's Amended Complaint.

2. Sycom Surge, Inc. n/k/a Bren Tuck, Inc. breached its Indemnification Agreement by its failure and/or refusal to indemnify SUPCO from claims regarding Sycom's surge protectors.

3. Florida's Uniform Fraudulent Transfer Act ("FUFTA"), §§ 726.101 et seq., Fla. Stat., prohibits transfers from a debtor seeking to avoid payment of an established debt to a creditor or transferee.

4. Sycom, Tucker, Brennan, and TSI violated Florida's Uniform Fraudulent Transfer Act ("FUFTA") §§ 726.101 et seq. by transferring all of Sycom's assets to TSI to avoid payments to SUPCO under the Indemnification Agreement.

    a. With respect to Florida Statute §726.105(1), the Court hereby finds that an actual fraudulent transfer occurred because SUPCO was a creditor of Sycom, and Sycom intended to avoid payment to SUPCO by way of the transfer. Specifically, the Court finds as follows: (1) The transfer of Sycom's assets to TSI, which is owned and operated by Justin Turner, Sycom's former operations manager who is an insider; (2) Brennan and Tucker, the former owners of Sycom, still retain control over Sycom's assets in that they have a security interest on all of the Sycom assets transferred to TSI and TSI is not permitted to sell or transfer these assets without Brennan's and Tucker's permission; (3) The transfer was concealed from SUPCO; (4) Prior to transferring its assets to TSI, Sycom was aware of a possible lawsuit by SUPCO; (5) Sycom transferred all of its assets to TSI shortly after accruing a substantial debt to SUPCO; (6)

                    Sycom did not receive reasonably equivalent value for its assets because the $3.6 Million Dollar purchase price was paid in monthly installments of $30,000.00 per month directly to Brennan and Tucker over a ten year period; (7) The transaction with TSI rendered Sycom insolvent.

      b.    With respect to Florida Statute §726.106(1), the Court hereby finds that the transaction between Sycom, Tucker, Brennan and TSI constituted a constructive fraudulent transfer since prior to transfer SUPCO threatened to sue Sycom to enforce the terms of the Indemnification Agreement, Sycom became insolvent following the transfer and Sycom did not receive a payment that was a reasonable equivalent of the value of its assets as payment went directly to Brennan and Tucker.

5.    Sycom Surge Inc. n/k/a Bren Tuck, Inc., is simply Defendant David Ross Brennan and Mark Tucker's alter ego making them personally liable for the damages arising out of the breach of the Indemnification Agreement.

**Accordingly, it is ORDERED AND ADJUDGED as follows:**

1.    SUPCO's Motion for Final Summary Judgment on its claims for Breach of the Indemnification Agreement and Violation of Florida's Uniform Fraudulent Transfer Act is **GRANTED.**

2.    Plaintiff's claim for Breach of Duty of Good Faith, which is an alternative remedy to the Breach of Indemnification Agreement, is hereby dismissed with prejudice.

3.    Sycom's counter-claim against SUPCO is dismissed with prejudice.

4.    Final Judgment is hereby entered in favor of Plaintiff, Sealed Unit Parts Co., Inc., whose address is 2230 Landmark Place Allenwood, NJ 08720, in the amount of Two Million

Seven Hundred and Sixty Thousand Dollars ($2,760,000.00), against Defendants Sycom Surge, Inc., n/k/a Bren Tuck, Inc., David Ross Brennan, Mark Tucker and Turner Solutions, Inc., for which all Defendants are jointly and severally liable, which let execution issue forthwith.

5. The Clerk of Court is hereby directed to immediately release to Plaintiff, Sealed Unit Parts Co., Inc., all funds in the Court Registry as a result of the Court's Orders dated January 20, 2016 [Dkt. 55] and May 26, 2016 [Dkt. 83], as modified by Order dated June 23, 2016 [Dkt. 88]. Payment shall be sent to:

> Sealed Unit Parts Co., Inc.
> Attention: Anthony Mancuso, Jr.
> 2230 Landmark Place
> Allenwood, NJ 08720

6. Jurisdiction is retained for the purpose of entering further orders and judgments as may be necessary or proper to enforce this judgment, including but not limited to taxation of attorney's fees and costs incurred by Plaintiff in connection with execution of this judgment.

**DONE AND ORDERED** on this 12th of June, 2017.

LOIS H. GOODMAN
United States Magistrate Judge

*The Clerks Office is hereby instructed to close this case.*

4